JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8815 PA (PJWx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | Marquis Anderson v. Burlington Coat Factory Warehouse Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Burlington Coat Warehouse Corp. and Burlington Coat Factory of California, LLC ("Defendants") on October 15, 2012.  Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Marquis Anderson ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-8815 PA (PJWx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | Marquis Anderson v. Burlington Coat Factory Warehouse Corp., et al. | | |

1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

  Here, the Notice of Removal alleges that Plaintiff "is now, and was at the time the matter commenced, a citizen of the Sate of California . . . ." (Notice of Removal 3:3-4.) To support that allegation, Defendants cite to the first paragraph of Plaintiff's Complaint, which alleges that Plaintiff "was and is a resident of the County of Los Angeles, California." (Complaint ¶ 1.) Because the only support for Defendants' allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiffs' citizenship. Defendants' allegation of Plaintiff's citizenship is not sufficient. The Ninth Circuit has held that "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kantor, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

  Further, Defendants have not met their burden to establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

  The Notice of Removal alleges that although Plaintiff's Complaint does not allege a specific amount of damages he seeks, the Complaint "alleges that the amount of damages sought 'far exceed the minimum jurisdictional amount' which, for California Superior Courts . . . is no less than $25,000.00." (Notice of Removal 3:27 -4:1.) According to the Notice of Removal, Plaintiff's annual base pay was "in excess of $21,164.00 per year." (Notice of Removal 4:13.) Defendants support their allegation that the jurisdictional minimum is satisfied by alleging that because six of Plaintiff's seven claims demand lost pay and benefits, they may multiply his annual lost wages by six for an amount in controversy of at least $126,984.00. But by calculating the amount in controversy in this way, Defendants suggest, without

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8815 PA (PJWx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | Marquis Anderson v. Burlington Coat Factory Warehouse Corp., et al. | | |

any controlling case authority, that a Plaintiff could recover the same damages for multiple claims. In so doing, Defendants have confused the ability to aggregate different categories of damages for purposes of determining the amount in controversy with Plaintiff's attempts to obtain the same damages based on multiple theories of liability.

Here, the Complaint is silent as to the amount of damages Plaintiff seeks. Therefore, it is incumbent on Defendants to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendants have not met their burden by a preponderance of evidence that Plaintiff's damages exceed $75,000. See Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages.").

Accordingly, Defendants have not met their burden to establish this Court's jurisdiction. This action is hereby remanded to Los Angeles Superior Court, Case No. BC 492872 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.